IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY J. FORD and KAY )
KLAUSNER, )
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs/Relators, )
　　　　　　　　　　　　　　　　　　)
vs. ) CIVIL NO. 10-513-GPM
　　　　　　　　　　　　　　　　　　)
HUBBELL INCORPORATED and )
HUBBELL POWER SYSTEMS, INC., )
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants. )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

　　　　Relators Antony J. Ford and Kay Klausner filed this *qui tam* action for false patent marking under 35 U.S.C. § 292. Many such cases have been filed since the United States Court of Appeals for the Federal Circuit's opinion in *Forest Group, Inc. v. Bon Tool Company*, 590 F.3d 1295 (Fed. Cir. 2009). This action, and four other similar actions, came before this Court on January 31, 2011, for hearing on various motions.

### FACTUAL AND PROCEDURAL BACKGROUND

　　　　Relators claim that Defendants Hubbell Incorporated and Hubbell Power Systems, Inc., have advertised, marked, or caused to be marked certain products with expired patents and continue to do so. Specifically, they allege that 27 different U.S. Patents (the Patents) were issued and have expired. Relators claim that Defendants have in the past and continue to falsely advertise and mark (or cause to be marked) various products with the Patents, which are expired. Relators allege, upon information and belief, that Defendants knew or reasonably should have known that these products

are not covered by the expired patents and that Defendants falsely marked these products with the expired patents "for the purpose of consciously deceiving the public into believing that their products are covered by [the Patents]" (*see, e.g.,* Doc. 2, ¶¶ 83-84). Relators seek injunctive relief, damages, attorneys' fees, and costs.

Defendants filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) attacking the sufficiency of the pleadings under Rules 9(b) and 8(a) and attacking the constitutionality of 35 U.S.C. § 292. Defendants alternatively filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) because the Western District of Missouri is a more convenient forum. Since the date of the hearing, the Federal Circuit decided *In re BP Lubricants USA Inc.*, Misc. No. 960, 2011 WL 873147 (Fed. Cir. Mar. 15, 2011), in which the Federal Circuit granted a petition for a writ of mandamus and directed the United States District Court for the Northern District of Illinois to grant a motion to dismiss a complaint asserting a false marking claim. Defendants seek leave to supplement their motion to dismiss to incorporate the *BP Lubricants* decision and a decision by the United States District Court for the Northern District of Ohio finding the false marking statute unconstitutional. The motions to supplement are granted in part and denied in part. The Court is aware of and has considered the decisions cited by Defendants; there is no need to file them on the Court's docket.

**DISCUSSION**

The false marking statute provides, in relevant part:

(a) …. Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public … [s]hall be fined not more than $500 for every such offense.

(b) Any person may sue for the penalty, in which event one-half shall go to the

person suing and the other to the use of the United States.

35 U.S.C. § 292. The statute's reference to "any person" operates as a statutory assignment of the United States's rights, and a violation of the statute inherently constitutes an injury to the United States. *Stauffer v. Brooks Bothers, Inc.*, 619 F.3d 1321, 1325 (Fed. Cir. 2010). Therefore, so long as a relator alleges a violation of the statute, which suffices to allege an injury in fact to the United States, then the relator has standing to pursue the claim as the United States's implicit assignee. *Id*. at 1324-25.

In additional to establishing a relator's jurisdictional standing to pursue such claims, the *Stauffer* Court also impliedly held that Rule 9(b) applies to false marking claims brought under § 292 when it remanded the case to the district court to "address the merits of the case, including [the defendant's] motion to dismiss pursuant to Rule 12(b)(6) 'on the grounds that the complaint fails to state a plausible claim to relief because it fails to allege an 'intent to deceive' the public – a critical element of a section 292 claim – with sufficient specificity to meet the heightened pleading requirements for claims of fraud imposed by' Rule 9(b)." 619 F.3d at 1328. The Court did not remand the case for a determination whether Rule 9(b) applied; rather, it remanded the case for a sufficiency of the pleadings determination. Nonetheless, the Federal Circuit now specifically has held that Rule 9(b)'s particularity requirement applies to false marking claims brought under § 292. *BP Lubricants*, 2011 WL 873147, at *1. The Court further held that, under Rule 9(b), "a complaint alleging false marking is insufficient when it only asserts conclusory allegations that a defendant is a 'sophisticated company' and 'knew or should have known' that the patent expired." *Id*.

To satisfy Rule 9(b), although knowledge and intent may be averred generally and a plaintiff may plead upon information and belief, the complaint must contain sufficient underlying facts from

which a court may reasonably infer that the defendant acted with the requisite state of mind. *Id*. at *3, *citing Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009). To allege the requisite intent to deceive in the § 292 context, the complaint must provide "some objective indication to reasonably infer that the defendant was aware that the patent expired." *BP Lubricants*, 2011 WL 873147, at *3, *citing Clontech Labs, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005) (proof that the party making a misrepresentation had knowledge of its falsity "is enough to warrant drawing the inference that there was fraudulent intent").

During the hearing, Relators argued – and the Court was inclined to agree – that their allegations are sufficient to plead the requisite intent to deceive when read in combination with the rebuttable presumption recognized in *Pequignot v. Solo Cup Co.*, 608 F.3d 1356 (Fed. Cir. 2010). In *Pequignot*, the Federal Circuit first established that articles covered by expired patents are unpatented for purposes of liability for false marking. 608 F.3d at 1361. Next, it held that "the combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public, rather than irrebuttably proving such intent." *Id*. at 1362-63. The Federal Circuit addressed this argument in *BP Lubricants*:

> This court agrees that the *Pequignot* presumption informs the determination of whether a false marking plaintiff has met Rule 9(b). However, as we noted in *Pequignot*, "[t]he bar for proving deceptive intent [in false marking cases] is particularly high," requiring that relator show "a purpose of deceit, rather than simply knowledge that a statement is false." That relator pled the facts necessary to activate the *Pequignot* presumption is simply a factor in determining whether Rule 9(b) is satisfied; it does not, standing alone, satisfy Rule 9(b)'s particularity requirement.

*BP Lubricants*, 2011 WL 873147, at *4, *quoting Pequignot*, 608 F.3d at 1362-63 (internal citations omitted). The Court concluded that because the relator's complaint "provided only generalized allegations rather than specific underlying facts from which [the Court could] reasonably infer the

requisite intent, the complaint failed to meet the requirements of Rule 9(b)." *BP Lubricants*, 2011 WL 873147, at *3.

This Court has carefully compared Relators' allegations in this complaint to the allegations examined in *BP Lubricants*. Relators' allegations provide no more specificity than the allegations that were rejected as insufficient in *BP Lubricants*. Therefore, the Federal Circuit's rationale applies here: "Permitting a false marking complaint to proceed without meeting the particularity requirement of Rule 9(b) would sanction discovery and adjudication for claims that do little more than speculate that the defendant engaged in more than negligent action." *BP Lubricants*, 2011 WL 873147, at *2. The recent *BP Lubricants* decision requires this Court to find Relators' allegations insufficient under Rule 9(b). Specifically, they have failed to provide any objective indication from which the Court can reasonably infer that Defendants knew that the patents were expired. Relators' allegation that "[u]pon information and belief, Defendants have an in-house legal department (or otherwise retains attorneys) that is/are responsible for Defendants' intellectual property and ensuring compliance with marketing, labeling, and advertising laws" (Doc. 2, ¶ 73) is a restatement of the general allegation that Defendants knew or should have known that the patents expired. The complaint contains insufficient underlying facts from which this Court can infer the requisite intent to deceive under Rule 9(b). Accordingly, the complaint must be dismissed without prejudice to Relators filing an amended complaint in accordance with the pleading requirements outlined by the Federal Circuit in *BP Lubricants*.

The Court rejects Defendants' constitutional challenge. So far, the Federal Circuit has declined to address the constitutionality of § 292. *See Stauffer*, 619 F.3d at 1327 ("we will not decide the constitutionality [of section 292] without the issue having been raised or argued by the

parties"). It is true that a district court in the Northern District of Ohio recently held that the *qui tam* provision of 35 U.S.C. § 292 is unconstitutional as violative of the Take Care Clause of Article II of the Constitution. *Unique Prod. Solutions, Ltd. v. Hy-Grade Valve, Inc.*, No. 5:10-CV-1912, 2011 WL 924341 (N.D. Ohio March 14, 2011), *reaff'g Unique Prod. Solutions, Ltd. v. Hy-Grade Valve, Inc.*, No. 5:10-CV-1912, 2011 WL 649998 (N.D. Ohio Feb. 23, 2011). The Northern District of Ohio court so held because (1) the Sixth Circuit Court of Appeals relied upon the "sufficient control" test espoused in *Morrison v. Olson*, 487 U.S. 654 (1988), to uphold the *qui tam* provisions of the False Claims Act (FCA) in *United States ex. rel. Taxpayers Against Fraud v. General Electric Co.*, 41 F.3d 1032 (6th Cir. 1994), and (2) the Federal Circuit has not rejected the application of *Morrison* to the false marking statute. 2011 WL 649998, at *3; 2011 WL 924341, at *3. The Northern District of Ohio court, which is within the Sixth Circuit, rejected the Fifth Circuit Court of Appeals' contrary en banc holding that *Morrison* is inapplicable to the FCA's *qui tam* provisions. 2011 WL 649998, at *4, *citing Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 754-55 (5th Cir. 2001) (en banc). Defendants have not submitted any authority that is controlling upon this Court finding § 292 to be unconstitutional. This Court believes that if and when the Federal Circuit does address the issue, it will find the statute constitutional. Nonetheless, this Court finds it prudent to require Relators to give notice of this action to the United States beyond the current mechanism of the Clerk of Court giving notice to the United States Patent Office. Therefore, Relators shall serve a copy of their amended complaint, along with a copy of this Memorandum and Order, upon the United States Attorney for the Southern District of Illinois.

Finally, the Court denies Defendants' motion to transfer venue. A district court may transfer a civil action "to any other district or division where it might have been brought" when it is

convenient for the parties and witnesses and in the interest of justice to do so. 28 U.S.C. § 1404(a). When deciding a motion to transfer, the Court must specifically analyze whether transfer is warranted (1) for the convenience of the parties; (2) for the convenience of the witnesses; and (3) in the interest of justice. *See Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 302 (7th Cir. 1955). Although limited by these three factors, the Court has broad discretion in deciding whether to transfer a case. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981). As the movant, Defendants bear the burden of showing that the transferee forum is clearly more convenient. *See, e.g., Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986); *FDIC v. Citizen Bank & Trust Co.*, 592 F.2d 364, 368 (7th Cir. 1979).

The Court must consider this request in light of modern technology and the realities of current-day federal litigation. Relator Ford resides within this district; Relator Klausner resides within the District of Maryland. The products were marked with the allegedly expired patents within the Western District of Missouri, but they are sold throughout the country. Depositions can be accomplished with easy travel by the attorneys (notably, defense counsel offices in Washington, D.C.), and documents will be disclosed either by mail or electronically or, most likely, both. It is difficult for this Court to see how the parties or witnesses will be inconvenienced. "The 'interests of justice' is a separate component of a § 1404(a) transfer analysis," which includes the familiarity of the federal judge with the applicable law. *See Coffey*, 796 F.2d at 220-21. This Court sitting within the Seventh Circuit and the Western District of Missouri court sitting within the Eighth Circuit both are bound by the Federal Circuit's rulings in patent cases. This Court, in its discretion, declines to transfer this case.

## CONCLUSION

For the foregoing reasons, Defendants' motions to supplement (Docs. 35, 38) are **GRANTED in part and DENIED in part**; Defendants' motion to dismiss (Doc. 21) is **GRANTED in part and DENIED in part**; and Defendants' motion to transfer venue (Doc. 21) is **DENIED**. Relators are **GRANTED leave** to file an amended complaint on or before **May 2, 2011**. Relators are **ORDERED** to serve a copy of the amended complaint, along with a copy of this Memorandum and Order, upon the United States Attorney for the Southern District of Illinois.

**IT IS SO ORDERED.**

DATED: 03/31/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge